UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE SIMMONS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>        Defendant. | Case No. 17-cv-02217-VC   (PR)<br><br>**ORDER OF DISMISSAL FOR LACK OF JURISDICTION; DENYING CERTIFICATE OF APPEALABILITY** |

       Petitioner Joyce Simmons, a federal prisoner incarcerated at the Federal Prison Camp in Dublin, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a sentence enhancement she received in October 2009 in the United States District Court for the Northern District of Texas.  Simmons has paid the $5.00 filing fee.  For the reasons discussed below, the petition is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

       This is not the first § 2241 petition Simmons has filed in the Northern District.  In *Simmons v. United States*, 16-0747 NJV (PR), Simmons asserted the following claims: (1) the court erred in calculating her restitution; (2) sentencing error; (3) the court erred in adding criminal history points to her sentence; and (4) she is actually innocent of the obstruction of justice enhancement.  ECF No. 22.  The court dismissed the petition because it did not meet the requirements of § 2241.  *Id.*  Simmons appealed and was denied a certificate of appealability by the Ninth Circuit.  ECF No. 34.

       In *Simmons v. United States*, 15-4267 NJV (PR), Simmons alleged the following claims: (1) the court erred in calculating her restitution; (2) sentencing error; (3) the court erred in adding criminal history points to the sentence.  ECF No. 11.  Because Simmons was transferred to an

institution in the Eastern District of California, this case was transferred to the Eastern District, where it was given case number 16-1503 MWF (AFM). ECF No. 16. The Eastern District dismissed the petition for lack of subject matter jurisdiction because "a motion to contest the legality of a sentence generally must be filed in the sentencing court pursuant to 28 U.S.C. § 2255." ECF No. 3.

As explained in case number 16-1503 MWF (AFM), in October 2009, Simmons pled guilty in the District Court for the Northern District of Texas to crimes based on the preparation of false tax returns. *Id.* Her conviction was affirmed by the Fifth Circuit and her petition for a writ of certiorari was denied by the United States Supreme Court. *Id.* In September 2012, Simmons filed a motion to vacate sentence under § 2255 in the sentencing court. *Id.* The sentencing court denied the § 2255 motion and the Fifth Circuit denied a certificate of appealability. *Id.*

## LEGAL STANDARD

A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because congress has given jurisdiction over these petitions to different courts. *Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000). A petition under § 2241 must be heard in the district of confinement, whereas a petition under § 2255, must be heard by the sentencing court. *Id.* at 865.

A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."). There is, however, an exception to that general rule. Under the "escape hatch" of § 2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* A prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed

2

procedural shot at presenting that claim." *Id.* at 898. In the Ninth Circuit, actual innocence for purposes of the § 2255 escape hatch is the standard articulated in *Bousley v. United States*, 523 U.S. 614, 623 (1998), — a petitioner must demonstrate that, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (citing *Bousley*, 523 U.S. at 623).

## DISCUSSION

Simmons claims that, based on newly discovered evidence, she is "factually innocent" of the obstruction of justice enhancement and meets the requirements of the § 2255 escape hatch. The newly discovered evidence is a September 23, 2008 letter from her attorney showing that she retained him after "a lawsuit was filed on September 3, 2008." She claims this shows that she did not give consent to her attorney to file a lawsuit that the Texas District Court used to enhance her sentence in her criminal case. She states that she was not aware of this evidence of her innocence until May 2, 2016 when her attorney provided her with his file of her criminal case.

In case number 16-747 NJV (PR), Simmons also asserted a claim that she was innocent of the obstruction of justice enhancement. Citing *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012), the district court held that arguments regarding sentencing do not raise a claim of actual innocence. In *Marrero*, the Ninth Circuit explained that "actual innocence" means factual innocence, not mere legal insufficiency. *Id.* at 1193. Although the court acknowledged it had "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch," it noted that other circuits have held "that a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." *Id.*; *see e.g., Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011) ("A person cannot be actually innocent of a noncapital sentence").

Although Simmons attempts to fit her claim into the § 2255 escape hatch, she cannot do so. She argues that she meets *Marrero*'s definition of actual innocence because her claim, based on "newly discovered" evidence, would prove her factually innocent rather than legally innocent.

However, based upon the definition of "actual innocence" articulated by the Supreme Court in *Bousley*, which the Ninth Circuit has adopted, and based upon the holdings of other circuits, that factual innocence means innocence of the underlying crimes, the Court concludes that Simmons' claim about an improper sentence enhancement does not meet the requirements of the § 2255 actual innocence escape hatch.

## CONCLUSION

Based on the foregoing, the petition is dismissed for lack of subject matter jurisdiction. Because reasonable jurists would not find the result debatable, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Clerk is directed to issue a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 14, 2017

_____
VINCE CHHABRIA
United States District Judge